218          DEWEY *et al. v.* ECKERT.          [Sept. T.,

Opinion of the Court. Syllabus.

LEROY D. DEWEY *et al.*

*v.*

JONAS ECKERT.

1. CHANCERY—*jurisdiction.* Where one partner borrowed money for his individual use, for which he gave his note, with the other partner as security, and the latter, after a dissolution of the partnership, was compelled to pay the same, after which he filed a bill in equity, to have the sum so paid set off upon a note given by him to his co-partner on the dissolution : *Held,* that the complainant had an adequate remedy at law by an action of assumpsit.

2. CREDITOR'S BILL—*no effort to collect at law.* A party having paid a debt as security for another, filed his bill in equity, alleging that his debtor had left the State, taking with him all his effects ; that he had sold all his real estate and conveyed certain city lots to his son, who had conveyed to his mother, and that these conveyances were made without consideration, and for the purpose of defrauding complainant and other creditors. The court found the amount of indebtedness, and decreed it a lien upon the lots, and required the son and mother to convey to the debtor, and directed sale of the lots for the payment of the debt and costs: *Held,* that complainant should first have reduced his demand to judgment before

coming into equity to question the disposition of the debtor's property, and subject it to the payment of his debt.

3. Under the circumstances above stated, the complainant might have proceeded by attachment against the property alleged to have been fraudulently conveyed, obtained his judgment, and then gone into equity to remove the conveyances out of the way of his execution, or to subject the property to sale in satisfaction of his judgment.

4. A court of equity has no power to create a lien beyond the general one which follows from a decree for the payment of money. It can only recognize and enforce a lien which is created by the acts of the parties.

WRIT OF ERROR to the County Court of La Salle County; the Hon. P. K. LELAND, Judge, presiding.

This was a bill in chancery by Jonas Eckert against Leroy D. Dewey, Eugene L. Dewey, and Sibbil J. Dewey. It alleged a prior partnership between Eckert and Leroy D. Dewey, in the milling and grain business; its dissolution and the sale of Dewey's interest to Eckert for $9,000, and the payment of the same, except a balance on the last note of $4,000, not then due; that during the partnership complainant executed a note with Dewey, for $619.50, for money borrowed by Dewey for his individual use; that complainant paid said note, amounting to $700, and some partnership debts; that Dewey had removed from this State with his family, taking all his effects with him; that he had conveyed certain lots in Mendota to his son, Eugene L., and that the latter had conveyed them to his mother, Sibbil J. Dewey; that these conveyances were made without consideration, and for the fraudulent purpose of cheating and delaying complainant and other creditors. The bill prayed that all claims due complainant be set off against the $4,000 note, and if the same be sold before injunction served, that complainant have recourse upon the real estate so fraudulently conveyed.

The court below found that there was due to complainant $735.58, and decreed the same a lien upon the said real estate, and any other that Dewey might own in the county, and required the same, with costs, to be paid in thirty days. It also

provided that if default was made in payment, the master in chancery should convey said real estate to Leroy D. Dewey, and thus annul the fraudulent conveyance, and that said master should sell the same in satisfaction of the decree.

Mr. T. LYLE DICKEY and Mr. H. K. BOYLE, for the plaintiffs in error.

Mr. G. S. ELDRIDGE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The causes of action set forth in the bill were mere legal demands, for the collection of which there was an adequate remedy at law, by an action of assumpsit, as for money paid by Eckert on the account of Dewey at his request.

Admitting that the court below had jurisdiction to adjudge the indebtedness, as no objection to it was taken there, or that the court had jurisdiction to enforce a set-off of the claim upon the outstanding note against Eckert, in favor of Dewey, yet that would not justify the decree in respect to the lands described in the bill.

Eckert should first have reduced his demand to a judgment before he could come into a court of equity and question the disposition of the debtor's property, and subject it to the satisfaction of his debt. Unless the creditor has a certain claim upon the property of the debtor, he has no concern with his frauds. Under the circumstances of this case, Eckert might have proceeded by attachment against the property alleged to have been fraudulently conveyed, obtained his judgment, and then gone into equity to remove the conveyance out of the way of his execution, or to subject the property to sale in satisfaction of his judgment. *Greenway et al. v. Thomas et al.* 14 Ill. 271; *Getsler v. Saroni.* 18 Ill. 511; *Wiggins v. Armstrong* 2 Johns. Ch. R. 144; *McConnell v. Dickson,* 43 Ill. 99.

The payments of money by Eckert, alleged in the bill, gave him an action for money paid, but created no lien or trust that

authorized a court of equity to render the real estate liable on account thereof, and the court had no power to create a lien beyond the general one which follows from a decree for the payment of money.

It could only recognize and enforce a lien created by the acts of the parties, and they created none.

Our law does not recognize equitable attachments. *Bigelow et al.* v. *Andress et al.* 31 Ill. 323. This proceeding would virtually be one, if it could be sustained as to the lands involved.

The decree of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*