## ALBERT P. C. BONTE

*v.*

## THOMAS J. COOPER *et al.*

1. CREDITOR'S BILL—*what assets may be reached.* A creditor's bill will not lie to reach assets of the debtor which the latter can not recover in an action in his own name.

2. SAME—*set-off against debtor.* A creditor's bill can not be sustained against one having money in his hands belonging to the judgment debtor, or who is indebted to him, where such person has a claim against the judgment debtor which he would be entitled to set off in an action by the debtor against him.

3. Where money is paid by a purchaser of land to the agent of his vendor, under the contract of purchase, which money is retained by the agent until a further sum shall be paid so as to complete an installment, and not credited on the contract for that reason, and no forfeiture has been declared under a clause authorizing the same, time being made essential, the money so paid can not be reached on creditor's bill against the vendee making the payment. The vendee, under such circumstances, could not recover back the payment from the agent of the vendor, and his creditors occupy no better position.

4. SET-OFF—*when allowed.* Where money is given by a purchaser of land to a person, to be by him paid to the vendor, such person, as against the purchaser, will have the right to set off any indebtedness of the purchaser to him against the money in his hands, or to retain what is due him, but it seems he could not retain the money as against the vendor, for whom he received the same.

5. CONTRACT—*what is a payment on purchase.* Where money is paid to the agent of the vendor of land, who is to receive a certain sum out of the first moneys received as commissions for effecting the sale, and such agent retains such sum, it will be treated as a payment on the purchase money by the vendee, as against a creditor's bill filed against the vendee and the party so receiving the money, and not subject to the claim of such creditor.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a creditor's bill filed by Albert P. C. Bonte, who was a judgment creditor of one Benjamin P. Hinman, to reach certain moneys in the hands of appellees, Uhlich & Muehlke

and Thomas J. Cooper, which appellant claims belonged to Hinman.

It appears, from the evidence introduced on the hearing, that in March, 1873, John Peters, Henry Frenz and John Ganzer each entered into a contract in writing with appellee Cooper, for the sale of three farms which they owned, in Cook county, consisting of 120 acres of land, for the purchase price of $280 per acre, payable in four equal installments; the first payable ten days after abstract of title of the premises should be brought down, the remaining payments payable in one, two and three years, with eight per cent interest.

The contract contained this clause : "Time is hereby made an essential part of this agreement, and if the said party of the second part shall fail to make any of the payments or to perform any of the covenants hereinbefore specified by him to be performed, at the time and in the manner specified, then, and in that case, all moneys paid shall be forfeited to the said party of the first part, his heirs or assigns, as the consideration paid for this agreement, and the party of the first part shall be absolutely and forever discharged from any liability under the conditions of this contract, which shall immediately become null and void at the option of the said party of the first part."

It also appears, that on the same day these three contracts were made, Cooper entered into a contract with Hinman for the sale and conveyance of the premises, which was similar in all respects with the contracts he held. Cooper paid on the three contracts $150. It also appears, that Cooper, in making the contracts of purchase, was not acting for himself but as agent of Hinman, and that Hinman assumed and undertook to carry out the contract of Cooper.

During the summer of 1873, Hinman sent Cooper $4000 to be paid over to Peters, Ganzer and Frenz. The money was not, however, paid over by Cooper, but retained by him in payment of commissions which he claimed Hinman owed him.

It also appears, that in June, 1874, Hinman sent appellees

Uhlich & Muehlke, who were agents of Peters, Ganzer and Frenz, a check or draft for $7900. This was protested, but finally Hinman paid off the check at the Mechanics' National Bank, Chicago, and deposited the money in the name of Muehlke, and turned over to him the certificate of deposit. This, in connection with the $4000 paid, is the only amount Hinman ever paid on the land, and when the creditor's bill was filed the amounts so paid were still in the hands of Cooper and Muehlke & Uhlich.

Mr. JOSIAH H. BISSELL, Mr. GEO. GARDNER, and Mr. FRANK H. COLLIER, for the appellant.

Mr. E. W. RUSSELL, for the appellee Cooper.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

As we understand the facts presented by the record, there is but one question to be determined, and that is, whether the money which had been paid by Hinman to Cooper and that which Hinman had paid to Muehlke & Uhlich belonged to Hinman when the bill was filed, or was the money owned by other parties. If Hinman did not own the money, then it is clear it could not be reached by his judgment creditors by bill or otherwise.

We will first consider the point in regard to the $4000 which had been paid to Cooper. The three parties who sold these lands have been ready and willing to convey at any time since the sale, upon receiving the purchase money provided for in the contracts. It does not appear, from the record, that they have been in default in any respect whatever. The $4000 paid to Cooper he was directed to pay over to the three vendors on the contract; he retained $350 as a repayment of a like amount he had advanced for Hinman on the contract when the purchase was made; $1850 he retained under a contract with the vendors to pay him that amount as commissions

for selling the lands for them, which, as appears from the written contracts, was to be retained out of the first moneys received.

It is true Cooper was Hinman's agent, but Hinman knew that Cooper's commissions were to be paid by the vendors out of the first money received, and he gave his full assent to the arrangement. So far, then, as $2200 of the $4000 is concerned, it was actually paid over to the vendors on the contract, and there can be no doubt upon the question that Hinman had no interest in or claim to the money. As to the remaining $1800 it was proven that Cooper had purchased for Hinman another tract of land, and that Hinman had agreed to pay him as commissions the sum of $1800.

We do not hold, in this case, that as against Peters, Frenz and Ganzer, Cooper has the right to hold this money, but as against the creditors who filed this bill, he has a clear right to hold it.

The question assumes this form: Hinman was indebted to Cooper in the sum of $1800. Cooper comes into the possession of that amount of money belonging to Hinman. If Hinman should sue for the money, Cooper would have the right to claim an off-set to the full amount Hinman owed him, and thus the debt would be extinguished. The creditor's bill can only be sustained on the ground that Cooper had money or property in his hands belonging to Hinman or was indebted to Hinman when this bill was filed. Neither of these things existed, and it follows, that, as to Cooper, the bill could not be sustained.

In regard to the $7900 in the hands of Muehlke & Uhlich, we perceive no ground upon which it could be reached by a creditor's bill. The money was paid by Hinman to these parties, as agents of the vendors, to be applied upon the contract, and the only reason why it had not been paid over to the vendors was because Hinman had agreed to pay enough more to discharge the first and second payments, and the money was left by the vendors in the hands of their agents

until that might be accomplished. That the money, when paid into the hands of these parties, was received as a payment on the land contracts, there can be no doubt. So long as the vendors were ready and willing to perform the contract, we are aware of no principle under which Hinman, the vendee, could recover money paid on the contract, and as the contracts expressly provided in case Hinman failed or refused to make payments according to the terms and conditions of the contracts, such money as had been paid should be forfeited to the vendors, they had the right to hold all payments which had been made, under that provision of the contract.

We do not understand that the judgment creditors of Hinman had any greater or superior right to the money than Hinman himself. A creditor by filing a creditor's bill merely acquires a lien upon the assets of the debtor existing when the bill is filed, and if such assets consist of accounts due or choses in action, if the debtor himself could not maintain an action for a recovery of the same, we are aware of no principle upon which a judgment creditor could maintain a bill. *Browning* v. *Bettis*, 8 Paige, 568, although not directly in point, seems to establish the rule that a creditor's bill will not lie to reach assets which the creditor could not maintain an action in his own name to recover.

As the testimony relied upon by complainants was not sufficient to authorize a decree in their favor, the decree of the court dismissing the bill was right, and it will be affirmed.

*Decree affirmed.*