58   351
66   663
162b  305

## Detroit Copper and Brass Rolling Mills v. Matthew Ledwidge et al.

1.   COURTS OF EQUITY—*Do Not Settle Legal Rights.*—Courts of equity do not assume to settle and establish purely legal rights; nor does the commencement of an attachment confer any right to the aid of a court of chancery.   If a discovery is needed in aid of an attachment, it can be had through the means of garnishee process.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Submitted at the March term, 1895, of this court.   Affirmed.   Opinion filed April 22, 1895.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellant; WILLIAM E. CHURCH, of counsel.

S. S. PAGE, attorney for judgment creditors.

WAGNER & KENDIG, attorneys for Ledwidge and Bennett.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was a contract creditor of the appellee Ledwidge, and filed its bill in equity against him, certain of his judgment creditors by confession, the sheriff of Cook county, and one Bennett. It was alleged that Bennett had in his possession and control, as a former employe of Ledwidge, certain books of account, records and vouchers of Ledwidge, and had knowledge of the names and addresses of certain debtors to Ledgwidge which, if disclosed by him, would enable appellant to enforce an attachment which had been begun by appellant and was pending against Ledwidge; that Ledwidge had absconded and gone to Ireland, and that said judgment creditors had received from him, for collection, certain accounts under an agreement that after satisfying their own claims from such collections they, the said judgment creditors, would send the surplus to Ledwidge in Ireland, and thereby deprive appellant of all opportunity to collect its debt; that said judgment creditors had caused executions to be levied upon all the stock in trade and visible effects belonging to Ledwidge, and that said sheriff holds the same under said executions; that the value of said stock in trade was about $15,000, and that said judgments of said creditors aggregated about $24,000; and the prayer of the bill was that Bennett and the judgment creditors make discovery of such books, records, accounts and vouchers; that a receiver be appointed for the same, and that said attachment writ be enforced against the property discovered, and for general relief.

A general demurrer to the bill was sustained and the bill dismissed.

There are technical defects in the bill which might be sufficient to justify the sustaining of a demurrer to it, but we overlook them in order to pass upon the main question contended for by the appellant, that Ledwidge, having absconded and gone beyond the seas, so that it is impossible for process to be served and judgment obtained against him, and all his tangible property, less in value than the amount

of the executions, having been seized by his judgment creditors, the bill should be sustained in order that Bennett and the judgment creditors should be compelled to discover who the debtors of Ledwidge are, to the end that they could be subjected to attachment or garnishment proceedings in favor of appellant.

The disposition to extend equity jurisdiction has, so far as we are advised, never been exercised to the limits asked by this bill.

There is no allegation in the bill of any trust or lien relationship, and there is no pretense of any equitable element in the debt owed by appellant; neither is there any fraud charged against Ledwidge or the appellees. It is simply the case of an indebtedness, which arose in the ordinary course of selling goods on credit to one in trade, and the going by the purchaser beyond the reach of legal process.

Courts of equity do not assume to settle and establish purely legal rights, nor does the commencement of an attachment suit confer any right to the aid of a court of chancery. If discovery is needed in aid of the attachment, it can be had through the means of garnishee process. Bigelow v. Andress, 31 Ill. 322.

The contention of the appellant that the elements involved make of this case an exception to the established rule often reiterated in this State, is best answered in Dormueil v. Ward, 108 Ill. 216, wherein it is said :

" These so-called exceptions, when properly understood, are rather nominal than real, for a bill of this character will not lie in any case where the claim, as it is here, is a purely legal demand. In all cases where such a bill has been maintained, the claim of the complainant has had some equitable element in it, such as a trust, or the like." See also Swan Land & Cattle Co. v. Frank, 148 U. S. 603.

The judgment of the Superior Court will be affirmed.