## Jacob D. Nordlinger v. Laura A. Ostatag and William Ostatag.

1. COURTS OF EQUITY—*Will not aid in Collecting Legal Claim not Established at Law.*—Unless a plaintiff has an ascertained legal claim against a defendant he has no concern with his frauds, and equity will not, in advance of the establishment of a legal claim, interpose to hold the property of an alleged contract debtor pending the establishment at law by an alleged contract creditor of a supposed legal claim, even where a fraudulent transfer is alleged.

Bill, in aid of an attachment. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellant.

JOHN M. GARTSIDE, attorney for appellees.

A creditor who seeks by his bill to reach equitable estates of his debtor which can not be reached at law, must first recover judgment at law and have execution returned unsatisfied to give jurisdiction to equity. Dormueil v. Ward, 108 Ill. 216; Hickling v. Wilson, 104 Id. 54; Scripps v. King, 103 Id. 469; Mann v. Ruby, 102 Id. 348; Moshier v. Meek, 80 Id. 79; Dewey v. Eckert, 62 Id. 218; Mugge v. Ewing. 54 Id. 236; McConnell v. Dickson, 43 Id. 99; Steere v. Hoagland, 39 Id. 264; Bay v. Cook, 31 Id. 336; Bigelow v. Andress, Id. 322; Greenway v. Thomas, 14 Id. 271; Ishmael v. Parker, 13 Id. 324.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was the holder of a promissory note made by the appellee William Ostatag, and filed his bill in equity alleging that he was such holder; that he had begun a suit at law on the note; that pending such suit the said William made a general assignment of all his property for the benefit of his creditors, but that said assignment did not include the real estate hereinafter mentioned; that three days after the making of said assignment, he, the appellant, sued out a writ of attachment in aid of his said suit at law, which writ was on the next day levied upon certain real estate which it was alleged had been fraudulently conveyed, pending said suit at law and before said general assignment, by the said William to his wife, the appellee Laura, without consideration and for the purpose of defrauding appellant, and alleging that such conveyance and transfer constituted an impediment to the enforcement of appellant's demand and attachment against said real estate; and the prayer of the bill was for discovery, and an injunction against the said Laura from transferring said real estate, and that the transfer to her be declared to be null and void, and that said real estate be subjected to said attachment.

The bill was dismissed upon demurrer.

The theory of the appellant is, that the bill was necessary to prevent the appellee Laura from selling the property to

an innocent purchaser, and thereby defeating the attachment lien, it being admitted by the demurrer that she was a fraudulent grantee thereof as to the appellant, and that appellant being otherwise remediless, the bill should have stood.

The bill being deficient in all allegations concerning the recovery of a judgment at law upon said note, and the issuance and return *nulla bona* of execution, it may not be regarded as a technical creditor's bill, but must stand, if at all, upon the broad ground that equity will, in advance of the establishment of a legal claim, interpose to hold the property of a contract debtor pending the establishment at law by a mere contract creditor of an alleged legal right.

The authorities are opposed to supporting any such right in equity. Dormueil v. Ward, 108 Ill. 216; Detroit, etc., Mills v. Ledwige, 58 Ill. App. 351.

*Non constat*, such legal claim will never be established. It might easily happen that though a decree as prayed were had, judgment in the attachment suit would never be recovered. Phelps v. Foster, 18 Ill. 309; Shufeldt v. Boehm, 96 Ill. 560.

The only equitable element shown by the bill aside from that which may be found in any claim upon a just legal demand, is the alleged, and admitted, fraudulent transfer by the alleged legal debtor, of the real estate in question; but unless the creditor has an ascertained legal claim against his debtor, he has no concern with his frauds. Dewey v. Eckert, 62 Ill. 218.

We see no principle upon which the bill could have been sustained, and the decree is accordingly affirmed.