(No. 12818.—Judgment affirmed.)
M. I. TUMY, Appellee, *vs.* CARL H. MAYER *et al.*—(THE
GULBRANSEN-DICKINSON COMPANY, Appellant.)

*Opinion filed October 27, 1919.*

1. CHOSES IN ACTION—*what is a chose in action.* A chose in
action is property of which the owner does not have the actual or
constructive possession but for which an action may be brought to
reduce it to possession.

2. SAME—*a present right of action is not necessary.* While a
chose in action is a personal right to demand money or property
by an action a present right of action is not necessary, and the
evidence of the right to the money or property may be a note or
contract, provided it is absolute.

3. DEBTOR AND CREDITOR—*judgment creditor may acquire a lien
on chose in action.* A judgment creditor may acquire a lien on a
chose in action belonging to the debtor by filing a bill in chancery
and having it applied to the satisfaction of his judgment; but a
creditor can have no greater right to the property than his debtor
has, and the chose in action must be a fixed present right of the
owner to recover the money or property by action in his own name.

4. SAME—*unearned commissions cannot be subjected to claim
of judgment creditor.* Where a judgment creditor files a bill to
have choses in action belonging to the debtor applied to the satis-
faction of his judgment, unearned commissions cannot be subjected
to the claim, as the court cannot compel the debtor to render his
personal services and earn the commissions for the creditor.

APPEAL from the First Branch Appellate Court for the
First District;—heard in that court on appeal from the Cir-
cuit Court of Cook county; the Hon. THOMAS G. WINDES,
Judge, presiding.

EDWARD B. HEALY, for appellant.

KING, BROWER & HURLBUT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

On June 14, 1916, the appellee, M. I. Tumy, filed a bill
of complaint in the circuit court of Cook county against
Carl H. Mayer, Anna D. Mayer, his wife, and others, alleg-

ing the recovery of a judgment against Carl H. Mayer in the municipal court of Chicago for $1700 and costs, the return of an execution unsatisfied, "No property found," and that Mayer had fraudulently transferred property and effects to his wife, Anna D. Mayer. On October 10, 1916, the appellee filed a supplemental bill, making the appellant, the Gulbransen-Dickinson Company, a defendant, and alleging that it had become indebted to Mayer in the sum of $500, and would become further indebted on the fulfillment of a contract between it and Mayer whereby Mayer would become entitled to commissions upon merchandise sold in the future. Summons was issued and served on the appellant on October 13, 1916, and it filed its answer on April 30, 1917, denying that it had become indebted to Mayer, and alleging that it did not know whether it would or would not become indebted to him in the future upon the fulfillment of the contract. Interrogatories were answered, and the answer concluded with an averment that Carl H. Mayer was indebted to the appellant after giving him credit for all commissions to which he was entitled. There was a hearing of evidence before the chancellor, and the cause was referred to a master in chancery with directions to take and state an account of commissions earned by Mayer down to the date of the service of summons, and another account showing commissions earned under the contract from the service of summons to the date of filing the answer. The appellant removed the record to the Appellate Court for the First District by appeal, where the decree was affirmed and a certificate of importance and an appeal to this court were granted.

By the contract the appellant employed Carl H. Mayer to sell pianos, player pianos and player actions for one year from June 16, 1916, to June 16, 1917, in certain specified territory, and agreed to pay him five per cent on all accepted orders for merchandise sold by him direct to or received by mail from dealers whose purchasing offices were located

in that territory. The appellant was to advance $35 per week for expenses as a drawing account, to be charged against the commissions, and Mayer was to pay his own expenses. The controversies in this court relate to the right to subject to the payment of the judgment, commissions on orders received by mail from dealers and commissions earned after the filing of the bill up to the time of the answer, which are the subject of the assignment of errors, and the right to subject to the payment of the judgment, commissions earned after the filing of the bill and answer, as to which cross-errors are assigned.

Section 49 of the Chancery act authorizes a judgment creditor, by bill in chancery, to compel a discovery of any property, money or thing in action due to the judgment debtor or held in trust for him and to subject it to the payment of his judgment. A thing in action is property distinguished from a thing of which the owner has the actual or constructive possession but for which an action may be brought to reduce it to possession. It is commonly termed a chose in action and is a personal right to demand money or property by an action; but a present right of action is not necessary, and the evidence of the right to the money or property may be a note or contract, provided it is absolute. A judgment creditor may acquire a lien on all such property by the filing of a bill in chancery and have it applied to the satisfaction of his judgment. (*Hitt* v. *Ormsbee,* 14 Ill. 233; *Easton* v. *Board of Review,* 183 id. 255.) Manifestly, a creditor can have no greater right to money or property than the debtor would have, and to constitute a thing in action there must be a fixed present right of the owner to recover the money or property in an action in his own name. (*Bonte* v. *Cooper,* 90 Ill. 440.) The appellee could not subject to his claim any right which Carl H. Mayer would acquire in the future. An unearned commission could not be subjected to the claim of the appel-

lee, because neither the court nor the appellee could compel Mayer to render his personal services and earn commissions for the use of the appellee. (15 Corpus Juris, 1407.)

The orders received by mail from dealers in the territory of which Carl H. Mayer had control were called repeat orders, and covered cases where Mayer solicited orders from dealers who were not in need at the time but who subsequently mailed orders to the appellant, which were regarded as attributable to the efforts of Mayer. There is no distinction between these orders and the commissions on them and orders sent direct by Mayer, and all which had been earned and which Mayer had a right to recover when the bill was filed could be subjected to the payment of the judgment.

The objection that the master was ordered to state an account from the filing of the bill and service of summons up to the time answer was filed would be an objection for Carl H. Mayer, but the appellant answered and purported to state the account down to the date of filing the answer, and being, so far as appears, indifferent as to whether it shall pay the balance, if any, to Mayer or to the appellee, and having answered down to the date of filing the answer, it cannot complain.

It follows from what has been said that commissions on repeat orders, and all other commissions earned up to the filing of the answer for which Mayer had a right of action, are proper to be stated in the account, and that commissions, if any, earned thereafter cannot be included.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*