(No. 12628.—Judgment affirmed.)

JOHN S. HART, Defendant in Error, *vs.* ALBERT J. OLIVER *et al.*—(ELIZABETH I. OLIVER, Plaintiff in Error.)

*Opinion filed February 15, 1921.*

1. CREDITORS' BILLS—*return of execution must show exhaustion of legal remedies before creditor's bill can be filed.* Before a court of chancery can take jurisdiction of a creditor's bill to compel the discovery of property there must be a proper return of an execution showing that the defendant has no property of any kind out of which the execution can be satisfied and that the creditor has *prima facie* exhausted his legal remedies.

2. SAME—*proceeding by creditor's bill is not statutory.* A proceeding by a creditor's bill, under section 49 of the Chancery act, to compel the discovery of property of a defendant debtor is an equitable proceeding and is not statutory.

3. SAME—*when return of execution is not sufficient to sustain creditor's bill—waiver.* A return showing that the sheriff levied upon certain real estate of a defendant debtor and that no bid hav-

296—14

ing been received at the sale of said real estate the execution is returned "no part satisfied" is not sufficient to sustain a creditor's bill as it does not show that all the legal remedies have been exhausted, but the objection that the return is insufficient comes too late when raised for the first time in the Supreme Court.

4. APPEALS AND ERRORS—*when objection of adequate remedy at law cannot be first raised on review.* An objection of adequate remedy at law which is not presented by plea or demurrer in the trial court cannot be urged on writ of error or appeal, where the relief sought in the proceeding is not of such character as to be wholly foreign to chancery jurisdiction.

· 5. SAME—*when question of proper parties cannot, be considered.* · An objection that a creditor's bill proceeding was erroneously permitted to continue in the name of complainant after he had assigned his interest cannot be considered by the Supreme Court where the objection was not raised in the trial court by plea in abatement.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

A. W. FULTON, and JOHN V. McCORMICK, (OSSIAN CAMERON, and S. C. IRVING, of counsel,) for plaintiff in error.

FRED H. ATWOOD, CHARLES O. LOUCKS, and VERNON R. LOUCKS, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On November 12, 1906, John S. Hart recovered in the superior court of Cook county a judgment against Albert J. Oliver and James A. Cary for $2647.50 and costs on their joint promissory note dated November 18, 1905. December 4, 1906, Hart sued out of said court an execution against the property of defendants, Oliver and Cary. This execution was placed in the hands of the sheriff, and by virtue of the same he did on December 19, 1906, levy the

same on all the right, title and interest of Oliver in and to a number of lots situated in the city of Chicago, including lots 9 and 10 in Fitzgerald & Ullrich's Sheridan Road subdivision of the east half of block 7, in Laflin, Smith & Dyer's subdivision of the northeast quarter of section 20, township 40, range 14. February 11, 1908, the sheriff made the following return on the execution:

"By virtue of the within execution to me directed, I caused the real estate levied upon as aforesaid to be advertised for sale according to law, and no bid having been received at sale for said real estate or any part thereof, I therefore return the within execution no part satisfied this 11th day of February, A. D. 1908.

CHRISTOPHER STRASSHEIM, *Sheriff,*
By Henry Spears, *Deputy."*

Thereafter, on the 15th day of April, 1908, Hart filed a creditor's bill, which contains the usual allegations and seeks in particular to reach the interest of Albert J. Oliver in a twelve-flat brick building situated on premises already levied upon but not sold for want of a bidder. The title to this property was in the name of defendant (now plaintiff in error) Elizabeth I. Oliver, formerly the wife of defendant Albert J. Oliver.

The Olivers answered and the case was referred to the master, who reported as his conclusion, from the facts found, that on the 12th day of November, 1906, John S. Hart recovered a judgment against Albert J. Oliver and James A. Cary for $2647.50; that an execution was issued and returned unsatisfied; that by an assignment bearing date April 19, 1909, Hart, for value received, assigned and transferred said judgment to Fred H. Atwood and Frank B. Pease, counselors for the complainant, and gave them a power of attorney to proceed to the collection of the judgment in his name for their benefit; that this assignment was filed with the clerk of the superior court of Cook county April 28, 1909; that at the suggestion of the chancellor the assignees entered their appearance in the matter and themselves as securities for costs and consented to be bound by

the proceedings therein. The master also reported that he found from the evidence that in the month of December, 1905, the property in question had been conveyed to Elizabeth I. Oliver; that all the consideration paid for this property was paid by Albert J. Oliver, her husband; that Elizabeth I. Oliver had no interest except her inchoate right of dower in said property; that she took no active part in the transaction by which this property was conveyed to her and did not know that it had been conveyed to her until later in the month of December, 1905, when Albert J. Oliver informed her that he had given her a flat-building for a present; that from the time of the conveyance to Elizabeth I. Oliver until she and Albert J. Oliver ceased living together he had full charge and management of the property; that in 1906 Albert J. Oliver caused to be prepared a declaration of trust with reference to the premises in question and requested Elizabeth I. Oliver to sign the same, but she refused; that at the time of the conveyance to Elizabeth I. Oliver Albert J. Oliver was insolvent, being indebted to various parties in sums aggregating approximately $50,000, and in addition thereto having personally guaranteed the performance of a contract made by the A. J. Oliver Lumber Company with the Southern Pine Lumber Company involving about $110,000; that on November 22, 1905, a petition in bankruptcy was filed against the A. J. Oliver Lumber Company, and that on December 11, 1905, said company was declared a bankrupt; that at the time of the conveyance in question Elizabeth I. Oliver knew that the A. J. Oliver Lumber Company was in bankruptcy; that the conveyance was fraudulent as to Hart and that the same should be set aside as to Hart or his assignees, and that the judgment recovered by Hart, as hereinbefore found, be decreed to be a valid and subsisting lien upon said real estate. The report was confirmed and a decree was entered accordingly. The decree was affirmed by the Appellate Court and the cause is brought to this court by *certiorari.*

An examination of the evidence will show that it amply supported the finding of the master that Albert J. Oliver was insolvent at the time of the transfer of the property described in the decree and that the transfer of the property to Elizabeth I. Oliver was fraudulent as to Hart.

Our Chancery act (Hurd's Stat. 1917, chap. 22, sec. 49,) provides that whenever an execution shall have been issued against the property of a defendant on a judgment and shall have been returned unsatisfied in whole or in part, the parties suing out such execution may file a bill in chancery against such defendant and any other person to compel the discovery of any property belonging to defendant. A condition precedent to the filing of this bill is the proper return of the execution. The execution and its return must be broad enough to show that defendant has no personal property as well as no real property, and must be such as, if untrue, would render the officer liable for a false return. Whatever the language used, the return must show that the defendant has no property of any character or kind out of which the execution can be satisfied. It must show *prima facie* that the creditor has exhausted his legal remedies, thereby giving jurisdiction to a court of chancery. (*Detroit Copper and Brass Rolling Mills* v. *Ledwidge,* 162 Ill. 305.) This rule is no different than applies to any other chancery suit. The aid of chancery cannot be invoked where there is an adequate remedy at law. That portion of section 49 of our Chancery act referred to, introduces no new principle but is merely affirmative of the common law. (*Durand & Co.* v. *Gray, Kingman & Collins,* 129 Ill. 9.) "Our statute authorizing the filing of a creditor's bill does not introduce any new principle into the law but is declaratory of a well-recognized, pre-existing principle. A court of equity previously entertained creditors' bills, but would not, before or since, lend its aid where there was an adequate remedy at law. It requires that the plaintiff in the judgment shall have made a *bona fide* attempt to collect

his debt by execution against the property of the defend-
ant." (*Stirlen* v. *Jewett,* 165 Ill. 410.) It will be seen,
therefore, that this is not a statutory proceeding.

The object of the proper return of the execution is to
show that the judgment creditor has exhausted all his reme-
dies at law before he applies to the chancery courts for re-
lief. When a creditor seeks to satisfy his debt out of some
equitable estate of the defendant which is not liable to a
levy and sale under an execution at law, he must exhaust
his remedy at law by obtaining judgment and getting an
execution returned *nulla bona* before he can come into a
court of equity for the purpose of reaching the equitable
estate of the defendant. This is necessary to give the court
jurisdiction. Why? Otherwise it would not appear but
that the party has a complete remedy at law. *Newman* v.
*Willetts,* 52 Ill. 98; *Miller* v. *Davidson,* 3 Gilm. 518.

It is urged in this court for the first time that the return
to this execution was insufficient to give the court of chan-
cery jurisdiction. The rule is well settled that where ade-
quate relief can be had at law and where the subject mat-
ter of controversy is purely a question of law, a court of
chancery will not entertain jurisdiction. The authorities
hold, however, that if the objection is not presented by
plea or demurrer in the first instance it cannot be urged
on error or on appeal. (*Kimball* v. *Walker,* 30 Ill. 482;
*Ohling* v. *Luitjens,* 32 id. 23.) If the subject matter be-
longs to that class over which a court of equity will always
take jurisdiction when the relation of the parties to each
other renders the exercise of such jurisdiction necessary,
the objection that in the case before the court there was a
complete remedy at law comes too late after having filed
an answer without taking the exception. (*Stout* v. *Cook,*
41 Ill. 447; *Magee* v. *Magee,* 51 id. 500.) The rule is,
that where a defendant thus appears and voluntarily sub-
mits himself to the jurisdiction of a court of chancery, the
court may, if it sees proper, proceed to grant relief notwith-

standing there may be an adequate and complete remedy at law, if the relief sought is not of such character as to be wholly foreign to chancery jurisdiction. (*Crawford* v. *Schmitz*, 139 Ill. 564.) "The objection that appellee had an adequate remedy at law was not presented to the circuit court by demurrer or answer to the bill but is presented here for the first time. It comes too late." *McGuire* v. *Boyd Coal and Coke Co.* 236 Ill. 69; *Deimel* v. *Brown*, 136 id. 586; *Smith* v. *Love*, 286 id. 570.

In the instant case it appears that the sheriff levied upon a considerable number of lots and tracts of real estate as belonging to defendant Albert J. Oliver; that he caused the real estate levied upon to be advertised for sale according to law, and no bid having been received at the sale for said real estate or any part thereof, he returned the execution "no part satisfied." While the return does not show that the execution was returned unsatisfied because of the inability of the sheriff to find property whereon to levy, neither does it show that the return was made at the direction of the judgment creditor without any effort on the part of the sheriff to satisfy the execution. It does show an effort on the part of the sheriff to do his duty, and it is presumed that he did all he was required to do. This return does not show that all the legal remedies have been exhausted, and it would have been insufficient to sustain a creditor's bill if advantage had been taken of the objection in the superior court. One cannot, however, sleep on his rights for ten years and then come into this court and urge this objection on writ of error. The objection that the return is insufficient to show that the defendant in error has exhausted his legal remedies comes too late when raised in this court for the first time.

It is also contended by plaintiff in error that the chancellor erred in permitting the suit to continue in complainant's name after the assignment of his interest to Atwood and Pease. It is the general rule that if the complainant

in a chancery proceeding assign his interest in the subject matter in controversy *pendente lite* the assignee need not be made a party to the bill, for every person purchasing *pendente lite* is treated as a person with notice and is subject to all the equities of the persons under whom he claims in privity. (Fletcher's Eq. Pl. & Pr. sec. 44.) We think in a creditor's bill proceeding there is sufficient authority for holding that suit may be continued in the name of the party suing out the execution. The distinction between a creditor's bill proceeding and an ordinary chancery suit is, that the subject matter of the creditor's bill is a judgment which has been liquidated and which appears upon the records of a court. This is a mere assignment of a judgment for the payment of money. The payment of the money in open court will satisfy the judgment in the case of Hart *vs.* Oliver. The plaintiff in error was not by this assignment deprived of any rights. The assignor expressly agreed that the suit might be prosecuted in his name. We think the provisions of the statute authorizing the party suing out such execution to file the bill gives authority for the proceeding to continue in his name. While we held in *Dimond* v. *Rogers,* 203 Ill. 464, and other prior cases, that an assignee of the judgment may file the creditor's bill in his own name, we never in any sense held that the assignee must prosecute the bill in his own name. Furthermore, all causes for abatement of the suit must be presented by plea and not by motion or answer. No such plea was filed and therefore the question is not properly before us for review. It is unnecessary to consider the assignee's appearance in the record, as it in no way affects the validity of the decree.

In accordance with the views hereinbefore expressed, we hold that no reversible error has intervened in the trial of this cause, and therefore the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*