MILTON W. SCHAEFFER, Plaintiff-Appellant, *v.* NORMAN ZALTSMAN *et al.*, Defendants-Appellees.

(No. 60728; ▮)

First District (2nd Division)—June 17, 1975.

L. Louis Karton, Ltd., of Chicago, for appellant.

Joseph E. Davis, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff brought an action in the nature of a creditor's bill[1] against defendant, Nursery Identi-Foto, Inc., an Illinois corporation engaged in the business of photographing newborn babies throughout the United

---

[1] Ill. Rev. Stat. 1971, ch. 22, par. 49.

States (NIF-I), seeking to satisfy a judgment in the amount of $26,948.55 and costs, obtained by plaintiff against defendant Norman Zaltsman (Zaltsman), his judgment debtor. The trial court granted defendant NIF-I's motion to strike plaintiff's amended complaint and dismissed the cause with prejudice.[2] Plaintiff appeals from that dismissal, questioning the propriety of the trial court's action.

Plaintiff's alleged cause of action, as determined from the pleadings on file, arose as the result of a series of 1968 and 1969 transactions wherein the two owners of 100% of the stock of NIF-I entered into agreements with Zaltsman whereby the latter would acquire ownership of NIF-I. On October 1, 1968, Zaltsman induced plaintiff to purchase, for $20,000, four subordinated convertible debentures of Nursery Identi-Foto, Inc. of Missouri (NIF-M). This $20,000 was used by Zaltsman as partial payment towards his purchase of some of the stock of NIF-I. As a result of a written agreement amongst the involved parties, NIF-I was to reacquire that portion of its own stock Zaltsman had contracted to purchase, a debt of $27,000 due NIF-I from Zaltsman was cancelled, a debt from Zaltsman to a bank was paid, and the parties mutually agreed to release each other from any and all claims owed to one another. The effect of this agreement was that NIF-I assumed $125,438 of Zaltsman's debts in exchange for a 45% interest in NIF-I for which he had made a partial payment of $125,000.

In April, 1970, plaintiff commenced an action (70CH1718) in the circuit court of Cook County against Zaltsman, defendant NIF-I, NIF-M, and others, seeking the return of $20,000 plus punitive damages and certain other relief. In his second amended complaint, plaintiff set forth the foregoing transactions and prayed for the recovery of the $20,000 he had loaned to Zaltsman, an accounting, and other relief, claiming he was induced to pay the $20,000 on certain alleged false representations of Zaltsman resulting in the establishment of an equitable trust against NIF-I in the stock it had acquired as a result of the March, 1970, agreement. The essence of plaintiff's claim against Zaltsman was that, in agreeing to purchase the debentures, plaintiff had relied upon false and fraudulent representations made by Zaltsman. Although he alleged that the other defendants had knowledge that plaintiff's $20,000 had been made part of Zaltsman's partial payment for the 45% interest, nowhere in the

---

[2] NIF-I's motion to strike and dismiss the original complaint claimed that complaint failed to state a cause of action, was barred by reason of a judgment in case no. 70CH1718, and that the complaint failed to allege return of execution unsatisfied as required in a creditor's bill. An amended complaint was filed joining Zaltsman as a defendant to which a motion to strike was filed by NIF-I.

complaint does plaintiff allege that the defendants were aware of or had knowledge of Zaltsman's alleged representations to plaintiff.

Zaltsman failed to appear in the 70CH1718 suit and, on July 12, 1971, the trial court entered an ex parte judgment against him for $20,448.65 actual and $5,000 punitive damages, and provided that execution on the judgments issue forthwith. As to the remaining defendants, upon their motion, the trial court ordered the second amended complaint stricken and dismissed as to them *with* prejudice. Plaintiff took no appeal from this order.

In February, 1973, plaintiff initiated the action giving rise to the instant appeal. Plaintiff, in his first complaint against NIF-I, premised his action on a statute (Ill. Rev. Stat. 1973, ch. 22, par. 49) which, in pertinent part, states that when an execution on a judgment is returned unsatisfied, the unsatisfied party may:

> "[F]ile a complaint against such defendant, and any other person, to compel the discovery * * * of any property, money, or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant * * *."

Plaintiff alleged that he had obtained a judgment against Zaltsman in the amount of $26,948.65 which was unpaid; that NIF-I was indebted to Zaltsman for $66,074.34 in that the stock it received was worth $180,000 and defendant only paid $113,925.66 (the debt to the bank having been discounted); and that plaintiff's judgments should be paid out of this difference.

Defendant made a motion to strike the complaint in that the judgment entered in the 70CH1718 action acts as a bar to the current suit and that the complaint failed to state a cause of action. This latter allegation was based on the fact that the alleged transactions were concluded by agreement of the parties supported by sufficient consideration such that the judgment debtor has no claim—thus negating the judgment creditor's claim—against the defendant NIF-I. The trial court granted NIF-I's motion and dismissed the cause *with* prejudice. Although Zaltsman was named as a codefendant in the amended complaint, the record on file in this court does not indicate either service on Zaltsman or his appearance.

## I.

■■ In order to maintain an action in the nature of a creditor's bill, the plaintiff must have exhausted his legal remedies. (*Gore v. Kramer* (1886), 117 Ill. 176, 183, 7 N.E. 504.) Accordingly, the creditor must reduce his claim to judgment. (*Dunham v. Kauffman* (1943), 385 Ill. 79, 84, 52 N.E.2d 143, *rehearing denied* (1944); *Birney v. Solomon* (1932),

348 Ill. 410, 413-14, 181 N.E. 318, *rehearing denied; Thomas v. Kowal-ewski* (1st Dist. 1956), 12 Ill.App.2d 283, 288, 139 N.E.2d 604, *rehearing denied* (1957), *rev'd on other grounds, Thomas v. Richards* (1958), 13 Ill.2d 311, 148 N.E.2d 740.) In order to seek equitable relief, it must also appear that execution has issued on the judgment and has been returned unsatisfied in whole or in part. (*Dunham; Birney; Wottas v. Rachel* (1st Dist. 1932), 267 Ill.App. 148, 154.) Finally, it must appear that the judgment debtor possesses a present, fixed right to recover the property in issue in an action in his own name since a judgment creditor, in filing his complaint, obtains no greater rights to the property in issue than the judgment debtor himself. *Tumy v. Mayer* (1919), 289 Ill. 458, 460, 124 N.E. 661; *Bonte v. Cooper* (1878), 90 Ill. 440, 444; *People ex rel. Russel v. Michigan Avenue Trust Co.* (1st Dist. 1924), 232 Ill.App. 456, 458.

In the case at bar, plaintiff's amended complaint satisfies these requirements to the extent that he alleges the existence of a judgment and the return of execution upon that judgment unsatisfied. The complaint is deficient, however, in failing to allege any facts demonstrating that Zaltsman has a present right to maintain an action against NIF-I to recover the monies plaintiff claims NIF-I owes to defendant Zaltsman. On the contrary, the facts of the case as previously determined in the prior suit, and in the complaint in the present suit, clearly indicate that Zaltsman has no such fixed right since, as part of the March, 1970, agreement, he agreed to release NIF-I from any and all claims.

A complaint in a creditor's action must allege clearly and definitely every fact necessary to entitle the plaintiff to relief. (*Detroit Copper & Brass Rolling Mills v. Ledwidge* (1st Dist. 1895), 58 Ill.App. 351, 353, *aff'd* 162 Ill. 305, 44 N.E. 751; 14 Ill. L. & Pr. *Creditor's Actions* § 10 (1968).) As plaintiff's amended complaint failed to allege a present and fixed right of action on the part of Zaltsman against NIF-I, a required element in a creditor's bill, the trial court properly dismissed the cause with prejudice.

## II.

This appeal also raises the question of whether plaintiff's amended complaint is res judicata as to plaintiff's right to recover from NIF-I. In its motion to strike the amended complaint, NIF-I pleaded the judgment in cause no. 70CH1718. The order of May 12, 1971, dismissing 70CH1718 with prejudice included NIF-I and other defendants, but did not include Zaltsman. On July 12, 1971 judgment was entered in 70CH1718 in favor of plaintiff against Zaltsman. Plaintiff asserts that res judicata is not applicable because the amended complaint not only sets forth the judgment in 70CH1718 in favor of plaintiff against the judgment debtor Zaltsman, but also asserts that the execution on the judgment was re-

turned unsatisfied and that no part of the judgment has been paid. Plaintiff claims that this issue was alleged for the first time in the instant case. NIF-I claims that Supreme Court Rule 273 (Ill. Rev. Stat. 1973, ch. 110A, par. 273) is applicable and operates as an adjudication upon the merits.

Rule 273 describes the effect of an involuntary dismissal and provides:

> "Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

NIF-I correctly points out that it was dismissed out of plaintiff's 70CH1718 suit with prejudice on May 12, 1971. Plaintiff took no appeal from that action. The order of dismissal, with prejudice, was grounded on the failure of the amended complaint to state a cause of action against NIF-I. Thus, as to NIF-I, there was an involuntary dismissal of 70CH1718 for reasons other than for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, and operates as an adjudication upon the merits. Our review of plaintiff's second complaint in 70CH1718 (attached to NIF-I's motion to strike and dismiss in the instant cause) indicates plaintiff brought suit against NIF-I and alleged substantially the same underlying facts and legal theories upon which he alleged in the instant cause with a prayer for a joint and several judgment against NIF-I and the other defendants for $20,000 plus interest and punitive damages. Of course, in the amended complaint in the instant cause, he did also add the additional fact of the issuance of the execution of the judgment against Zaltsman and that the same is unsatisfied.

■■ Thus the question remains whether these additional facts take it out of the application of Rule 273. We think not. As we have previously noted in this opinion, plaintiff failed to meet the requirements of a creditor's bill by failing to allege Zaltsman, the judgment debtor, has a present right to maintain an action against NIF-I. Consequently the amended complaint in this action is substantially the same cause of action dismissed as to NIF-I on May 12, 1971 in 70CH1718. Therefore that unappealed judgment was *res judicata* in the present case. See *Howard T. Fisher & Assoc. v. Shinner Realty Co.* (1st Dist. 1960), 24 Ill.App.2d 216, 223, 164 N.E.2d 266; *Brainerd v. First Lake County National Bank* (2nd Dist. 1971), 1 Ill.App.3d 780, 782-83, 275 N.E.2d 468.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.