No. 3--09--0934

Opinion filed April 5, 2011

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2011

| | | |
|---|---|---|
| JANICE BARTH and DANIEL J. ADLER, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 09--CH--941 |
| JAMES D. and DONALD KANTOWSKI, | ) ) | Honorable Richard J. Siegel, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices McDade and O'Brien concurred in the judgment and opinion.

**OPINION**

The plaintiffs, Janice Barth and Daniel J. Adler, obtained a judgment against Gregory Pytlewski on February 27, 2002. The plaintiffs recorded the judgment and obtained a lien against Pytlewski's real property at 431 East Tenth Street, Lockport, Illinois (the subject property), that day. Pytlewski subsequently sold the property to James D. and Donald Kantowski, the defendants, in July 2008. Thereafter, on February 17, 2009, the plaintiffs filed a "[p]etition for satisfaction of money judgment by judicial sale of real property." The Kantowskis filed a motion to dismiss the plaintiffs' petition. The trial court granted the Kantowskis' motion. The plaintiffs appealed.

On appeal, the plaintiffs contend that the trial court had the power to foreclose on the lien against the subject property because they obtained an equitable lien by filing the instant case and serving the Kantowskis prior to the expiration of the original seven-year lien period. In the alternative, the plaintiffs contend that their later revival of the underlying judgment related back to the filing of the instant lawsuit. We affirm.

FACTS

The record shows that on August 26, 1994, Pytlewski filed a warranty deed in the office of the Will County recorder indicating that he was the owner of the subject property. Thereafter, on February 27, 2002, the trial court entered a judgment against Pytlewski for $800 in attorney fees owed to Adler and $16,403 in past-due child support owed to Barth. On that same day, each plaintiff recorded a memorandum of judgment against Pytlewski and cited Pytlewski's address as the subject property.

On July 11, 2008, the Kantowskis purchased the subject property from Pytlewski. Thereafter, on February 17, 2009, the plaintiffs filed a "[p]etition for satisfaction of money judgment by judicial sale of real property," alleging that as a result of the February 27, 2002, judgment, they had obtained a lien against the subject property that had yet to be satisfied. Thus, the plaintiffs contended that the court should order a judicial sale of the subject property and distribute the proceeds accordingly

2

in order to satisfy their lien. The plaintiffs served the Kantowskis with their petition on February 26, 2009, one day prior to the expiration of the lien period. The record does not indicate that the plaintiffs took any action regarding the February 27, 2002, judgment prior to February 27, 2009.

On April 13, 2009, the Kantowskis filed a motion to dismiss the plaintiffs' complaint, which the court construed as a motion pursuant to section 2--619 (735 ILCS 5/2--619 (West 2008)) of the Code of Civil Procedure (the Code). In it, the Kantowskis alleged that under section 12--101 (735 ILCS 5/12--101 (West 2008)) of the Code, in order for the lien to exist on the subject property, the plaintiffs needed to obtain an order of revival and file a memorandum of the order of revival within seven years of the entry of the original February 27, 2002, judgment. The Kantowskis contended that since the plaintiffs failed to do so, their lien against the subject property expired on February 27, 2009, and thus, the subject property was free of the lien as of that date.

The court conducted a hearing on the motion to dismiss on June 16, 2009. The plaintiffs argued that since they filed the instant cause of action within seven years of the date of the original judgment, they did not need to revive the judgment and file a memorandum of the order of revival to preserve the lien on the subject property. At the hearing, the court inquired whether the plaintiffs had supporting law that "establishe[d] that [the] filing [of the instant lawsuit] toll[ed] the requirement, either

3

toll[ed] the seven years or toll[ed] the requirement, ma[de] it superfluous to file the motion to extend the lien."  Adler responded that he "d[id]n't believe [the court was] going to find a case like that."

The Kantowskis contended that the lien against the subject property expired after February 27, 2009, because the plaintiffs failed to properly revive it under section 12--101 of the Code.  Thus, while the plaintiffs could revive the original judgments against Pytlewski, those judgments could no longer be a lien against the subject property because Pytlewski, the judgment debtor, no longer owned it.

The Kantowskis further argued that section 12--101 did not provide that a judgment creditor had the option of preserving his lien on a property by either obtaining an order of revival and recording a new memorandum of revival within the seven-year period, or by filing a lawsuit to close on the property within the seven-year period.  Instead, section 12--101 required the judgment creditor to file the memorandum of revival within seven years of the entry of the original judgment, and courts have "strictly construe[d] [section 12--101] to a point of almost absurdity."

The Kantowskis also stated that they did not have actual notice of the lien against the subject property when they purchased it.  Adler stated that he "talk[ed with] the attorney who issued the title.  They missed it."  Adler nonetheless believed that the Kantowskis had constructive notice of the lien.

4

The court granted the Kantowskis' motion to dismiss. The plaintiffs filed an amended motion to reconsider. In it, they noted that they had revived the original judgments on May 21, 2009, and recorded them on June 5, 2009. According to the plaintiffs, the court retained jurisdiction over the parties and the subject property because they filed the instant suit during the requisite seven-year period of section 12--101 of the Code (735 ILCS 5/12--101 (West 2008)). Thus, the plaintiffs believed that they had obtained an equitable lien against the subject property and the court could properly order a judicial sale of the subject property to satisfy the judgment. In the alternative, the plaintiffs argued that the revival of the judgment should relate back to the filing of the instant cause of action. The plaintiffs also alleged that "[t]here [we]re many additional potential facts which could be plead [*sic*], including potential knowledge by the Defendants herein of the judgment at the time of the purchase, which would mean that the Defendants were not bona fide purchasers." The court denied the plaintiffs' motion. The plaintiffs appealed.

ANALYSIS

On appeal, the plaintiffs first contend that the trial court had the power to foreclose on the judgment lien because they had obtained an equitable lien on the subject property by filing the instant case and serving the Kantowskis prior to the expiration of the original seven-year lien period.

At common law, a judgment against a person did not create a

5

lien against the real property of the judgment debtor. See *Dunn v. Thompson*, 174 Ill. App. 3d 944 (1988). Rather, a judgment lien is a creation of statute. See 735 ILCS 5/12--101 (West 2008). Specifically, pursuant to section 12--101 of the Code, a judgment is a lien on the real estate of the judgment debtor only from the time a transcript, certified copy, or memorandum of the judgment is filed in the recorder's office in the county where the real estate is located. 735 ILCS 5/12--101 (West 2008).

Unless a judgment is revived within seven years of its entry or last revival and a memorandum of the order of revival is filed before the expiration of the prior memorandum of the judgment, a properly filed judgment lien expires seven years from the date of its entry or last revival. 735 ILCS 5/12--101 (West 2008). Once a judgment is revived, it is a lien on the real estate of *the person against whom it was entered* from the time a transcript, certified copy, or memorandum of the order of revival is filed with the recorder in the county where the real estate is located. 735 ILCS 5/12--101 (West 2008); see also *Wolff v. Groshong*, 101 Ill. App. 3d 606, 608 (1981) ("a revived judgment is not a lien on the real estate of a judgment debtor unless and until a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder of deeds in the county in which the real estate is located"). Therefore, if the judgment creditor fails to properly revive the judgment and file a memorandum of the order of revival prior to the expiration of the lien, the lien lapses. *Wolff*, 101 Ill. App. 3d 606.

6

Since the creation and revival of a judgment lien are statutory in nature, courts require strict compliance with section 12--101. See *Northwest Diversified, Inc. v. Desai*, 353 Ill. App. 3d 378 (2004). We review *de novo* the trial court's dismissal of a section 2--619 motion. *Wackrow v. Niemi*, 231 Ill. 2d 418 (2008).

In this case, the plaintiffs obtained the original judgment against Pytlewski on February 27, 2002, and filed a memorandum of the judgment that day. Thus, under section 12--101 of the Code, the lien attached to the subject property on February 27, 2002. On July 11, 2008, when the Kantowskis purchased the subject property, the lien existed. However, the record does not indicate that the plaintiffs took any action to revive the judgment, nor did they file a memorandum of an order of revival, prior to the expiration of the original lien on February 27, 2009, as required by section 12--101 to preserve the lien on the subject property. Thus, the plaintiffs did not strictly comply with section 12--101 and, as a result, their judgment lien on the subject property expired on February 27, 2009.

At the time the lien expired, Pytlewski, the judgment debtor, did not own the subject property; the Kantowskis owned it. Thus, since the subsequent May 2009 revival and June 2009 recording occurred after the original lien had lapsed, and since it constituted "a lien on the real estate of the person against whom it [was] entered," the plaintiffs were left to try to collect their judgment against property currently owned by

7

Pytlewski, and not from the subject property as owned by the Kantowskis. 735 ILCS 5/12--101 (West 2008).

We therefore conclude that since the plaintiffs allowed the judgment lien against the subject property to lapse and did not revive the judgment and make the requisite filing while the judgment debtor owned the property, the plaintiffs' lien cannot be asserted against the Kantowskis and the subject property. See *Wolff*, 101 Ill. App. 3d 606.

The plaintiffs nonetheless contend that they obtained an equitable lien on the property by filing the instant suit. However, they have not cited, and our research has not revealed, a case where a court has permitted the plaintiff to file a lawsuit in lieu of complying with the requirements of section 12--101 and then successfully assert the judgment lien against a subsequent owner of the property who was not the judgment debtor.

In reaching our conclusion, our careful review of the cases cited by the plaintiffs reveals that they do not support the plaintiffs' contention that they obtained an equitable lien on the subject property by filing the instant cause of action and serving the Kantowskis prior to the expiration of the original lien period. The plaintiffs specifically relied on *Davidson v. Burke*, 143 Ill. 139 (1892), and *Thomas v. Richards*, 13 Ill. 2d 311 (1958).

Both the *Davidson* and *Thomas* cases involved instances where the trial court created an equitable lien on the property at issue in favor of a judgment creditor after the original judgment

8

lien had lapsed. See *Davidson*, 143 Ill. at 149 ("[i]n a case where the plaintiff ha[d] no lien on the property sought to be reached, it [was] the filing of the bill in equity, after the return of the execution at law, which [gave] to the plaintiff a specific lien"); see also *Thomas*, 13 Ill. 2d at 316 (court recognized "that by the filing of the original creditor's suit against the subject property the original judgment became a lien thereon and that the lien continued thereafter up to the time of the decree irrespective that in the meantime seven years had elapsed from the date of the original judgment").

*Davidson* and *Thomas* are each materially unlike the instant case. First, *Davidson* involved a fraudulent transfer of the property at issue. Specifically, the *Davidson* court noted that the judgment debtor had conveyed the land at issue for "pretend[] consideration" and with the intention of defrauding the judgment creditor. *Davidson*, 143 Ill. at 143. In creating the equitable lien on that property, the court "held that a suit in chancery being instituted to subject land fraudulently conveyed to the satisfaction of a judgment, the *lis pendens* is an equitable levy, and secure[d] a lien to the complainant." *Davidson*, 143 Ill. at 149; see also *Thomas*, 13 Ill. 2d 311 (the judgment debtors confessed judgment against the property at issue only after the property had been conveyed among various family members via quitclaim deed).

We acknowledge that for the first time in their motion to reconsider, the plaintiffs contended that they had "potential

9

knowledge" that the Kantowskis were not *bona fide* purchasers of the subject property. However, the plaintiffs attached no evidence in support of this allegation. The record also does not support this contention, as Adler acknowledged that the title company "missed" the instant lien during its search of the property. Furthermore, a litigant may not raise a new legal theory for the first time in a motion to reconsider. *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d. 963 (1998). Therefore, the plaintiffs have not properly shown that relief is warranted due to fraud perpetrated by Pytlewski or the Kantowskis.

Second, in *Thomas*, the court noted that "[t]he original complaint was clearly a creditor's bill to satisfy the plaintiff's judgment out of an equitable estate not otherwise subject to levy and sale under execution, pursuant to the provisions of section 49 of the Chancery Act." *Thomas*, 13 Ill. 2d at 315; see also *Davidson*, 143 Ill. at 148 ("[t]he questions to be considered arise wholly out of the chancery proceedings"). However, the Illinois legislature repealed the last remnant of the Chancery Act during the 1980s. Furthermore, we agree with the statement of the *Davidson* court, that recognized that "[w]here statutes prescribe the time during which judgments shall have the force of liens on the lands of judgment debtors, one who has neglected to enforce his judgment lien in proper time will not, in equity, be relieved from the consequences of his neglect." *Davidson*, 143 Ill. 2d at 147. We believe this

statement has particular importance in the case of innocent purchasers, as we disfavor a policy that would require innocent purchasers to sell their property to pay the judgment of another, especially in light of the judgment creditor's right to continue to try to collect the judgment from the judgment debtor.

Thus, we find *Davidson* and *Thomas* inapposite. Rather, we believe that pursuant to section 12--101 of the Code, the plaintiffs were required to revive the judgment and make the requisite filing to properly preserve the lien on the subject property prior to its expiration. They did not. Therefore, we conclude that the plaintiffs do not have an equitable lien on the subject property, and the trial court did not err by refusing to order a judicial sale.

The plaintiffs also contend that the subsequent revival of the judgement and the filing of the memorandum of the order of revival should relate back to the filing of the instant lawsuit in order to preserve the plaintiffs' lien on the subject property.

We acknowledge that a judgment can be revived 20 years after it was entered. See 735 ILCS 5/2--1602 (West 2008) (a petition to revive a judgment can be filed any time in the seventh year after its entry or last revival, or at any time within 20 years after its entry if the judgment becomes dormant). However, merely reviving a judgment does not preserve a lien on real property, as the law requires the judgment creditor to file the memorandum of the order of revival before the expiration of the

11

prior judgment lien to properly preserve it.  See 735 ILCS 5/12--101 (West 2008).  Here, the plaintiffs did not, and they have not cited authority that would permit this court to conclude that the subsequent May 2009 revival of the original judgment and the June 2009 filing of the memorandum of the order of revival related back to the filing of the instant lawsuit in order to preserve the lien.

Thus, for the foregoing reasons, we conclude that while the Kantowskis purchased the subject property subject to the judgment against Pytlewski, the plaintiffs' lien on the subject property lapsed because they failed to strictly comply with the requirements of section 12--101 (735 ILCS 5/12--101 (West 2008)).  Therefore, the trial court properly granted the Kantowskis' motion to dismiss.

CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.