2023 IL App (1st) 230574

FIFTH DIVISION
November 22, 2023

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-23-0574

| | | |
|---|---|---|
| CLP VENTURE, L.L.C., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 2022 CH 00933 |
| | ) | |
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND, and | ) | Honorable |
| CHARLES A. WHOBREY, as Trustee, | ) | Allen P. Walker, |
| | ) | Judge Presiding. |
| Defendants-Appellants. | ) | |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1    In 2013, Central States, Southeast and Southwest Areas Pension Fund and a predecessor trustee of Charles A. Whobrey (collectively, Central States) obtained two judgments for money damages against CLP Venture, L.L.C. (CLP). Over seven years after the first of these judgments was obtained, Central States revived both judgments and then sought to record these revived judgments as a new lien on CLP's property at 7701 West 79th Street, Bridgeview, Illinois (the Bridgeview property).

¶ 2    CLP brought an action to quiet title. It argued that, by waiting longer than seven years,

Central States did not comply with the procedure for reviving judgment liens as described in section 12-101 of the Code of Civil Procedure (Code) (735 ILCS 5/12-101 (West 2018)), and the lien should therefore be removed. Agreeing, the circuit court granted summary judgment to CLP and voided Central States's lien.

¶ 3    For the reasons that follow, we find that section 12-101 allows a judgment creditor, such as Central States, to record a revived judgment as a new lien on a debtor's property after the expiration of seven years. Accordingly, we reverse and remand.

¶ 4                                    I. BACKGROUND

¶ 5    On August 29, 2013, Central States obtained a judgment for $2,616,794.30, pursuant to civil enforcement provisions of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132(g)(2) (2018)) in the Northern District of Illinois against CLP and eight codefendants (collectively, the ERISA defendants). On November 15, 2013, Central States recorded that judgment with the Cook County Recorder of Deeds as a lien on the Bridgeview property.

¶ 6    On November 19, 2013, Central States obtained a second judgment against the ERISA defendants for $79,923.48 for attorney fees and court costs. As to both judgments, the Northern District found the defendants jointly and severally liable, allowing Central States to collect against any or all of the defendants.

¶ 7    On September 23, 2020, which was over seven years after the federal district court issued the first judgment, it revived both the August 29, 2013, and November 19, 2013, judgments as a single judgment. Accounting for interest and monies collected, the district court calculated the first judgment had a remaining balance of $2,350,881.67 and the second had a remaining balance of $71,401.13.

¶ 8    On November 27, 2020, Central States recorded the federal court's September 23, 2020,

revived judgment with the Cook County Recorder of Deeds as a lien on CLP's Bridgeview property.

¶ 9    CLP filed this case as a "Motion for Quiet Title," asserting that Central States did not comply with the provisions for reviving a judgment lien in section 12-101 of the Code (735 ILCS 5/12-101 (West 2018)) and that the lien on the Bridgeview property was therefore invalid. The circuit court granted CLP's motion for summary judgment, voiding the judgment lien in its entirety. This appeal followed.

¶ 10                                    II. JURISDICTION

¶ 11    On February 28, 2023, the circuit court granted summary judgment and resolved all remaining claims brought by CLP. Central States filed a timely notice of appeal on March 29, 2023. This court has jurisdiction over the appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 12                                    III. ANALYSIS

¶ 13    The only issue before us is whether section 12-101 of the Code allowed Central States to revive its judgments and file a new lien on that combined judgment where more than seven years had elapsed since the judgments were originally entered. See 735 ILCS 5/12-101 (West 2018). We review questions of statutory interpretation *de novo*. *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17.

¶ 14    When construing a statute, our goal is to effectuate the intent of the legislature. *Manago v. County of Cook*, 2017 IL 121078, ¶ 10. "[T]he plain and unambiguous language enacted provid[es] the most reliable indicator of that intent." *Id.* A court must "view all provisions of a statutory enactment as a whole, construing words and phrases not in isolation, but in light of other relevant

provisions." (Internal quotation marks omitted.) *Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 410 (2009).

¶ 15     Several sections of the Code are relevant to the parties' dispute. Sections 12-108, 2-1601, and 2-1602 of the Code all govern the enforcement and revival of judgments. 735 ILCS 5/12-108(a), 2-1601, 2-1602(a) (West 2018).

¶ 16     Under section 12-108, a judgment becomes dormant after seven years. *Id.* § 12-108(a). Section 2-1601 abolishes the common law action to revive judgments and replaces it with the provisions of section 2-1602. *Id.* § 2-1601. Section 2-1602(a) allows a judgment to be revived any time within 20 years of its entry. *Id.* § 2-1602(a). Under these three provisions, an initial judgment may be enforced for 7 years, after which it becomes dormant and may not be enforced unless that judgment is revived, and a judgment may be revived at any point up to 20 years.

¶ 17     The parties' dispute centers on one part of section 12-101 governing the revival of judgment *liens*. See *id.* § 12-101. There are two paragraphs that are relevant here that are buried within the lengthy text of section 12-101. What we will refer to as Paragraph One states as follows:

> "A judgment is not a lien on real estate for longer than 7 years from the time it is entered or revived, unless the judgment is revived within 7 years after its entry or last revival and a new memorandum of judgment is recorded prior to the judgment and its recorded memorandum of judgment becoming dormant." *Id.*

Immediately following, what we will refer to as Paragraph Two, continues:

> "When a judgment is revived it is a lien on the real estate of the person against whom it was entered in any county in this State from the time a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder in the county in which the real estate is located." *Id.*

¶ 18　　The parties' dispute focuses specifically on amendments that were made to Paragraph One in 2002 and 2012. See Pub. Act 92-817 (eff. Aug. 21, 2002) (amending 735 ILCS 5/12-101); Pub. Act 97-350 (eff. Jan. 1, 2012) (amending 735 ILCS 5/12-101). These amendments, with the changes italicized, are as follows:

| Section 12-101 Prior to Public Act 92-817 | Public Act 92-817 Effective: August 21, 2002 | Public Act 97-350 Effective: January 1, 2012 |
| --- | --- | --- |
| "A judgment is not a lien on real estate for longer than 7 years from the time it is entered or revived. When a judgment is revived it is a lien on the real estate of the person against whom it was entered in any county in this State from the time a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder in the county in which the real estate is located."  735 ILCS 5/12-101 (West 2000). | "A judgment is not a lien on real estate for longer than 7 years from the time it is entered or revived, *unless the judgment is revived within 7 years after its entry or last revival and a memorandum of judgment is filed before the expiration of the prior memorandum of judgment.* When a judgment is revived it is a lien on the real estate of the person against whom it was entered in any county in this State from the time a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder in the county in which the real estate is located." Pub. Act 92-817 (eff. Aug. 21, 2002) (amending 735 ILCS 5/12-101). | "A judgment is not a lien on real estate for longer than 7 years from the time it is entered or revived, unless the judgment is revived within 7 years after its entry or last revival and a *new* memorandum of judgment is *recorded prior to the judgment and its recorded memorandum of judgment becoming dormant.* When a judgment is revived it is a lien on the real estate of the person against whom it was entered in any county in this State from the time a transcript, certified copy or memorandum of the order of revival is filed in the office of the recorder in the county in which the real estate is located." Pub. Act 97-350 (eff. Jan. 1, 2012) (amending 735 ILCS 5/12-101). |

¶ 19　　CLP argues that Paragraph One was amended to require the judgment creditor—here Central States—to revive a judgment and record the lien within seven years of the original judgment. According to CLP, the failure to do so forfeits the right to file a new lien on the property on which the original lien was initially filed. Recognizing that Paragraph Two contemplates that a revived judgment can give rise to a lien, CLP's position is that that paragraph applies only if other

property can be found to support a lien on the revived judgment.

¶ 20    Central States's position is that the statute allows the judgment creditor to file a lien based on a revived judgment at any time during the 20 years that the judgment can be revived. The amendments only provide a mechanism by which a judgment creditor can maintain the priority of the original lien. We agree with Central States's interpretation.

¶ 21    Paragraph One states, "[a] judgment is not a lien on real estate for longer than 7 years from the time it is entered or revived, *unless*" the following two requirements are met. (Emphasis added.) 735 ILCS 5/12-101 (West 2018). Paragraph One does not, as CLP suggests, eliminate the possibility of reviving a judgment and recording it as a new lien. Rather, it provides procedures for a compliant creditor to maintain the original lien date beyond a seven-year period. The word "unless" sets out the conditions a creditor must fulfill to extend a lien "for longer than 7 years" while maintaining its original effective date. *Id.* If the creditor does not comply with those conditions, then that effective date is lost.

¶ 22    This is consistent with Paragraph Two. The "from the time of" language in Paragraph Two applies to situations, such as the one before us now, where a party like Central States obtains a new judgment lien after the underlying judgment has already become dormant. In such cases, the new judgment and the new lien are effective on the date that the new lien is recorded.

¶ 23    We find it significant that Paragraph Two has remained unchanged throughout the recent history of amendments. "A judicial interpretation of a statute is considered part of the statute itself until the legislature amends it contrary to that interpretation." *People v. Woodard*, 175 Ill. 2d 435, 444 (1997). Because Paragraph One was amended and Paragraph Two was not, we may therefore assume that the legislature was satisfied with the state of the law as it pertained to Paragraph Two as it existed before.

¶ 24 Before these two amendments, creditors have long been able to obtain a new judgment lien on a particular piece of property based on a post-lapse revived judgment. In *Smith v. Stevens*, 133 Ill. 183, 190-91 (1890), our supreme court noted that the right to foreclose on a lien to recover a judgment debt "undoubtedly expires unless enforced within the statutory period, and having once expired, [it] is incapable of revival, *although upon revival of the judgment a new lien may be acquired*." (Emphasis added.) Likewise, in *Motel v. Andracki*, 299 Ill. App. 166, 170 (1939), we said, albeit in *dicta*, that "[t]he parties *** agree that a judgment may be revived within 20 years and that when the judgment was revived *a new lien* arose." (Emphasis added.) Finally, in *First National Bank in Toledo v. Adkins*, 272 Ill. App. 3d 111, 116 (1995), we stated that "[a]lthough a judgment creditor's lien may *lose its priority* if not renewed at the time it expires, that risk is for the creditor to take." (Emphasis added.)

¶ 25 CLP argues that these cases are irrelevant because they predate the changes to Paragraph One that CLP relies on. But these cases demonstrate that the right of a creditor to file a new lien based on a revived judgment (which is what Paragraph Two speaks to) was well established before the amendments. As noted above, the fact that Paragraph Two was not amended suggests that the legislature had no intention of changing this practice.

¶ 26 The "unless" language, added to Paragraph One in 2002, created a procedural path by which a creditor holding a lien could avoid having to file a *new* lien and thereby lose priority, even when seven years had passed since the judgment. Pub. Act 92-817 (eff. Aug. 21, 2002) (amending 735 ILCS 5/12-101). The dormancy language, added in 2012, then clarified that to avail itself of this path, a creditor must act before the judgment and the memorandum of judgment become dormant. Pub. Act 97-350 (eff. Jan. 1, 2012) (amending 735 ILCS 5/12-101).

¶ 27 While it is unnecessary to consult legislative history where, as in this case, the statute is

not ambiguous (*Kunkel v. Walton*, 179 Ill. 2d 519, 533-34 (1997)), the following excerpt from the debate on the floor of the House of Representatives concerning the 2002 amendment is consistent with our understanding that the statutory changes were intended to allow a creditor to maintain a lien's priority, not to take away the creditor's right to create a new lien on a revived judgment.

"LANG [(THE HOUSE SPONSOR)]: *** Senate Bill 39 is a very technical Bill regarding revival of judgment procedures. The law in the State of Illinois has allowed for revival of judgment to be able to collect on a judgement past seven years [*sic*], but there've really never been any procedures in place. This Bill will set up those procedures. As far as I know, there is no opposition to the Bill.

\* \* \*

CROSS: Representative, is this an initiative of the Bar Association's?

LANG: This is not an initiative of the Bar Association directly, but is an initiative of some of the lawyers that I've talked to, particularly, in Cook County, who are people who try to collect bad debts for businesses all around the State of Illinois." 92d Ill. Gen. Assem., House Proceedings, May 9, 2001, at 16 (statements of Representatives Lang and Cross).

¶ 28 The house sponsor's explanation of the amendment suggests that his intention in advancing this statutory change was to promote the interests of creditors—persons trying "to collect bad debts for businesses"—by providing the new procedures that are outlined above in Paragraph One allowing a creditor to maintain a lien's priority. *Id.* (statements of Representative Lang). The creditor needs only to comply with the two requirements listed in Paragraph One. See 735 ILCS 5/12-101 (West 2018).

¶ 29 While the question in this case has not, to our knowledge, been decided by this court or by

our supreme court, *dicta*, in at least one recent case, aligns with our interpretation. In *Schindler v. Watson*, 2017 IL App (2d) 160126, ¶¶ 4-6, a creditor attempted to foreclose on his judgment lien after the underlying judgment had already lapsed into dormancy and the debtor sold the property. After holding that the lien had expired and was invalid, we stated, "Upon [reviving the dormant judgment], [the] plaintiff could then attempt *to create a new judgment lien* on *any* real estate owned by [defendant]." (Emphases added.) *Id.* ¶ 16. This of course aligns with our interpretation of the statute as allowing a creditor to revive a judgment and file a new lien.

¶ 30     We also find our interpretation consistent with secondary authorities. Though "[w]e are not bound by what practitioners think or what secondary legal authorities say," we frequently find such authorities helpful. *Selby v. O'Dea*, 2017 IL App (1st) 151572, ¶ 59. One such authority summarizes the law as follows:

"If [a] memorandum of [a] revived judgment is filed after the expiration of the seven year period, the judgment will be a lien against real estate for the balance of the seven year period following the expiration of the prior seven year period, but the priority of the judgment lien will be lost and the lien will be subject to any lien existing or created during the period between the expiration of the prior seven year term and the recording of the memorandum of judgment." 15 Solomon Gutstein & Joshua Gutstein, Illinois Practice, Real Estate § 12:226 (4th ed. 2022).

¶ 31     CLP argues three cases support its interpretation: *Wells Fargo Bank, NA v. Heritage Bank of Central Illinois*, 2013 IL App (3d) 110706, *Barth v. Kantowski*, 409 Ill. App. 3d 420 (2011), and *Blewitt v. Urban*, 2020 IL App (3d) 180722. We do not find that any of these cases support CLP's position.

¶ 32     In *Wells Fargo*, 2013 IL App (3d) 110706, ¶ 17 n.1, we specifically disclaimed the

possibility that the opinion addressed this issue. "[W]hile deciding [*Wells Fargo*], a question arose as to whether a lapsed judgment lien, unlike a lapsed judgment, could ever be revived in light of the language in section 12-101(d) ***." (Emphasis omitted.) *Id.* But, as we made clear, that question was "beyond the scope" of our opinion. *Id.*

¶ 33    *Barth*, 409 Ill. App. 3d 420, and *Blewitt*, 2020 IL App (3d) 180722, are also distinguishable. The former concerned creditors who filed an action to force sale on a debtor's property subject to a judgment lien one day before the lien expired. *Barth*, 409 Ill. App. 3d at 421-22. We held the creditors' suit did not toll the requirements of section 12-101 and the lien therefore lapsed the next day. *Id.* at 425. *Blewitt* involved a memorandum of judgment that incorrectly identified the wrong amount. *Blewitt*, 2020 IL App (3d) 180722, ¶ 45. We held the creditor failed to strictly comply with the statute. *Id.* Neither case addressed whether a revived judgment could support a new lien.

¶ 34    In sum, it is clear to us that section 12-101 allows a judgment creditor to revive a judgment and to file a new lien, provided that this action is taken within the 20 years during which the judgment can be revived. The changes to the statute that CLP relies on did not take away that right but instead provided a mechanism by which a creditor acting before the original lien becomes dormant can maintain its original effective date and priority.

¶ 35    Having interpreted the relevant statute, application is straightforward. Central States revived its judgments and recorded the combined judgment with the county clerk on November 27, 2020. This was well within the 20 years during which the original judgments could be revived. By these actions, Central States obtained a new judgment lien. That lien is valid and enforceable. It should not have been stricken by the circuit court.

¶ 36                                        IV. CONCLUSION

¶ 37    For the forgoing reasons, we reverse the circuit court's grant of summary judgment in favor

of the plaintiffs and remand for proceedings consistent with this opinion.

¶ 38    Reversed and remanded.

*CLP Venture, L.L.C. v. Central States, Southeast & Southwest Areas Pension Fund*,
**2023 IL App (1st) 230574**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022-CH-00933; the Hon. Allen P. Walker, Judge, presiding. |
| **Attorneys for Appellant:** | Brandon A. Buyers, of Chicago, for appellants. |
| **Attorneys for Appellee:** | David E. Cohen, of SWK Attorneys at Law, of Northbrook, for appellee. |