2025 IL App (3d) 240457

Opinion filed April 1, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| DISCOVER BANK, a Delaware Banking Corporation, | ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0457 Circuit No. 09-AR-2266 |
| | ) ) | Honorable |
| MICHAEL F. WHITE, | ) ) | Kenneth L. Popejoy, Judge, Presiding. |
| Defendant-Appellee. | ) | |

_____

JUSTICE BERTANI delivered the judgment of the court, with opinion.
Justices Hettel and Anderson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Plaintiff, Discover Bank (Discover), appeals from the dismissal of its petition to revive its prior judgment against defendant, Michael F. White. Discover argues that the circuit court erred in its interpretation that the law regarding revival of dormant judgments requires a party to petition for revival in the seventh year after entry of the original judgment. For the reasons that follow, we reverse and remand for further proceedings.

¶ 2                                        I. BACKGROUND

¶ 3        Discover received a money judgment against White in the amount of $19,317.31 on October 14, 2009. It then initiated proceedings to collect under the judgment. The proceedings conducted at that time were insufficient to satisfy the judgment. No collection efforts were documented for several years thereafter.

¶ 4        On August 16, 2023, Discover filed a petition to revive its judgment and served White on September 12, 2023. In response, White filed a motion to dismiss, primarily arguing that Discover failed to revive the judgment within 7 years of its entry and was therefore precluded from reviving it 14 years later. The circuit court granted White's motion to dismiss.

¶ 5        Discover filed a motion to reconsider the court's dismissal of its petition on March 25, 2024. Discover argued in the motion that the statute on reviving judgments and the case law interpreting it supported a finding that a judgment may be revived at any time within 20 years after the final judgment was entered. The court denied the motion, explaining:

> "If 20 years is going to be there unfettered without any preconditions to be done under any circumstances whatsoever, then there's no basis for the other parts of [section 2-]1602(a) [(735 ILCS 5/2-1602(a) (West 2022))]which talk about 7 years and a second 7-year.
>
> * * *
>
> ***. But that 7-year first petition I think must be done at the very first time, the very first opportunity in those 7 years, or nothing else follows in that statute unless certain aspects of dormancy come into play. ***.
>
> I find no basis for there to be a 20-year catch-all with nothing needed to be done beforehand when this statute references a 7-year timeframe to file yet an

2

additional or a 7-year after its last revival. I think that presumes and requires an initial petition to be filed in 7 years.

"If that doesn't happen, I don't think you can move on with this statute; and I think the statute is nonsensical otherwise because there would be no basis to have the 7-year revival to be done. There would be no basis for an additional 7-year revival to be done after the first 7 years. If it didn't matter, you just have 20 years, no matter what."

¶ 6       This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8       Discover argues on appeal that the circuit court erred in dismissing its petition for revival and in denying its motion to reconsider. Specifically, it contends that the court misapplied the law as it pertains to reviving judgments. When reviewing a court's decision on a motion to reconsider that asserts the court misapplied the law, the standard of review is *de novo*. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 36.

¶ 9       Determining whether the circuit court erred in dismissing Discover's petition to revive requires this court to review the statute on reviving judgments. See 735 ILCS 5/2-1602(a) (West 2022). The primary goal of statutory interpretation is to ascertain the legislature's intent by giving the language provided its plain and ordinary meaning. *Tillman v. Pritzker*, 2021 IL 126387, ¶ 17. We will apply the language as written when it is clear and unambiguous. *Id.* A court may not read into the statute any "exceptions, conditions, or limitations that the legislature did not express." *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010).

¶ 10      Reviving a judgment is not considered a new proceeding but rather a continuation of a suit in which a judgment has already been entered. *Aetna Casualty & Surety Co. v. Brunsmann*, 77 Ill.

3

App. 2d 219, 222 (1966). Under Illinois law, "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2-1601" of the Code of Civil Procedure (Code). 735 ILCS 5/12-108(a) (West 2022). Thus, a judgment becomes dormant seven years after its entry if it is not preemptively revived. See *id.*; *CLP Venture, L.L.C. v. Central States, Southeast & Southwest Areas Pension Fund*, 2023 IL App (1st) 230574, ¶ 16. Section 2-1601 of the Code further provides that the theory under which revival was originally obtained under the common law has since been abolished and that revival of judgments is now governed under section 2-1602. 735 ILCS 5/2-1601 (West 2022).

¶ 11        Section 2-1602(a) provides:

> "Except as provided in subsection (a-5), a judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant and by serving the petition and entering a court order for revival as provided in the following subsections. The provisions of this amendatory Act of the 96th General Assembly are declarative of existing law." *Id.* § 2-1602(a).

Thus, the legislature has provided procedures for reviving judgments under three separate scenarios: (1) a judgment may be revived in its seventh year when the judgment is still active; (2) if the judgment has been revived previously, it may be revived again in the seventh year after it was last revived; and (3) a judgment may nonetheless be revived 20 years after entry of the judgment should the judgment become dormant. *Id.* By providing three different scenarios for revival, it is evident that the legislature intended that a dormant judgment be treated in a different manner than an active one.

4

¶ 12       Discover obtained its judgment on October 14, 2009. Discover filed a petition to revive on August 16, 2023, nearly 14 years after the entry of the original judgment. No other petition to revive had been filed in this matter before the one filed in August 2023. Given that more than seven years passed without Discover reviving the judgment, it is now dormant, and we must examine the law as it pertains to reviving dormant judgments. See *id.* § 12-108(a). Under section 2-1602(a), the first provision does not apply as it only concerns active judgments. *Id.* § 2-1602(a). Likewise, the second provision does not apply because this is Discover's first attempt at revival. *Id.* It is the final provision that concerns the revival of dormant judgments such as this one. *Id.* While Discover filed its petition outside of the initial 7-year period to revive an active judgment, the petition was still filed within the 20-year period for reviving dormant judgments and is therefore a valid attempt at revival. See *id.*

¶ 13       When making its decision to dismiss the petition, the circuit court stated it did not believe the statute allowed a party to file a petition to revive within 20 years of the original judgment "when th[e] statute references a 7-year timeframe to file yet an additional or a 7-year after its last revival. I think that presumes and requires an initial petition to be filed in 7 years." The court found that the first two provisions were prerequisites to filing a petition to revive within the 20-year period instead of considering the last provision of the statute on its own. This prerequisite is not expressed in the statute. Indeed, the statute is clear—if a judgment becomes dormant, such as the case here, a party may still revive it if the petition is filed within 20 years of the entry of the original judgment. *Id.* The statute does not require that a revival must first occur during the seventh year after judgment entry before a party may revive it within 20 years if the judgment later becomes dormant. The circuit court impermissibly read an additional condition or limitation into it that the legislature did not expressly include. See *Ryan*, 236 Ill. 2d at 319.

5

¶ 14     The circuit court also misconstrued the analysis provided in *Burman v. Snyder*, 2014 IL App (1st) 130772. In *Burman*, plaintiff filed a petition to revive a September 6, 1991, judgment on June 9, 1998, but did not effectuate service until more than 20 years after the initial date of the judgment. *Id.* ¶ 10. In short, it found that the judgment became dormant in 2005—seven years from the date of the petition to revive—because plaintiff did not file a second petition. *Id.* ¶ 18. Plaintiff should have either filed a petition to revive within seven years of the first such petition *or* before the twentieth anniversary of the original judgment to keep the judgment active. *Id.* The circuit court here erred in concluding that *Burman* required that a party must always file a petition to revive in the seventh year after entry of judgment, ignoring its clear holding that "[u]nder section 2-1602(a) of the Code, a judgment may be revived any time within 20 years of its entry" with no preconditions. *Id.* ¶ 13.

¶ 15     Neither the statute nor the cases construing it preclude a party from reviving a dormant judgment within 20 years of the original judgment in the absence of a revival in the seventh year after judgment. See, *e.g.*, *Barth v. Kantowski*, 409 Ill. App. 3d 420, 426 (2011) ("We acknowledge that a judgment can be revived 20 years after it was entered."); *Panos Trading LLC v. Forrer*, 2023 IL App (1st) 220451, ¶¶ 33-36 ("As the judgment herein was timely revived within the 20-year period, the judgment was valid and enforceable."); *First National Bank of Marengo v. Loffelmacher*, 236 Ill. App. 3d 690, 695 (1992) ("[T]he judgment may be revived so long as the revival action is initiated within 20 years from the date judgment was originally rendered.").

¶ 16     Discover filed its petition for revival within 20 years after the original judgment, which is timely under the statute, and the circuit court erred in dismissing the petition. 735 ILCS 5/2-1602(a) (West 2022). We must therefore reverse the court's decision to dismiss and remand the matter for further proceedings that properly address the petition for revival.

¶ 17                                    III. CONCLUSION

¶ 18        The judgment of the circuit court of Du Page County is reversed and remanded.

¶ 19        Reversed and remanded.

*Discover Bank v. White*, 2025 IL App (3d) 240457

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 09-AR-2266; the Hon. Kenneth L. Popejoy, Judge, presiding. |
| **Attorneys for Appellant:** | Michael L. Starzec, of Blitt and Gaines, P.C., of Vernon Hills, for appellant. |
| **Attorneys for Appellee:** | Jeffrey D. Javors, of Chicago, for appellee. |